**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 00-6722**

———————

CLIVE HURST, a/k/a Clyde Hurst,

Petitioner - Appellant,

versus

ATTORNEY GENERAL OF NORTH CAROLINA; TONY
STAMEY, Superintendent,

Respondents - Appellees.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. N. Carlton Tilley, Jr., Chief District Judge. (CA-99-259-1)

———————

Submitted: September 29, 2000          Decided: October 11, 2000

———————

Before WILKINS and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Dismissed by unpublished per curiam opinion.

———————

James Phillip Griffin, Jr., NORTH CAROLINA PRISONER LEGAL SERVICES, INC., Raleigh, North Carolina, for Appellant. Clarence Joe DelForge, III, OFFICE OF THE ATTORNEY GENERAL OF NORTH CAROLINA, Raleigh, North Carolina, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Clive Hurst seeks to appeal the district court's order denying relief on his petition filed under 28 U.S.C.A. § 2254 (West 1994 & Supp. 2000). We have reviewed the record and the district court's opinion accepting the recommendation of the magistrate judge and find no reversible error. Accordingly, we deny a certificate of appealability, deny Hurst's motion for appointment of counsel, and dismiss the appeal on the reasoning of the district court. See Hurst v. Attorney General, No. CA-99-259-1 (M.D.N.C. Apr. 27, 2000).[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] Although the district court's order is marked as "filed" on April 26, 2000, the district court's record shows that it was entered on the docket sheet on April 27, 2000. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the judgment or order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).